# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF NORTH CAROLINA
## CHARLOTTE DIVISION
### DOCKET NO. 3:10-cv-00064-FDW

| | |
|---|---|
| MARIA BRAVO, )<br>)<br>Plaintiff, )<br>)<br>vs. )<br>)<br>AMERICAN HONDA FINANCE )<br>CORPORATION d/b/a HONDA )<br>FINANCIAL SERVICES, )<br>)<br>Defendant. )<br>) | **ORDER** |

THIS MATTER is before the Court on Defendant's Motion to Dismiss based on Lack of Subject Matter Jurisdiction and Failure to State a Claim pursuant to Fed. R. Civ. P. 12(b)(1) and 12(b)(6) (Doc. No. 3). For the reasons that follow, Defendant's Motion to Dismiss is DENIED.

## I. BACKGROUND

Plaintiff is a female, who lists her race/national origin as Hispanic. Plaintiff began working for Defendant on March 23, 2004, as a Customer Accounts Representative. During her employment, Plaintiff received merit pay increases and was promoted in 2006 to the position of Lead Customer Account Representative. In August 2009, Plaintiff was verbally counseled for documenting customer accounts with "promises-to-pay" when no such promises had been made. Plaintiff admitted to engaging in this practice. Plaintiff alleges these actions were an accepted practice in Defendant's office used by numerous employees, and that there were no policies prohibiting the practice. Plaintiff further alleges that in an August 2009 meeting, Plaintiff's supervisor told Defendant's employees that they were forgiven for documenting customer accounts with "promises-to-pay" when no such promises had been made, but that they should not engage in the practice from

that point forward.  On August 21, 2009, Plaintiff states that she and two other females, one African-American and one Haitian/African-American/Hispanic/Caucasian, were fired for documenting customer accounts with "promises- to-pay" when no such promises had been made.  Plaintiff claims that males, who had also engaged in the practice, were not fired.  Therefore, Plaintiff claims she was subject to disparate treatment in the form of unbalanced disciplinary action based on her race/national origin and sex.

Furthermore, Plaintiff alleges that Defendant discriminated against her by failing to promote her based on her race/national origin and sex.  In March 2008, Plaintiff advised Defendant that she was interested in being promoted to Buyer in the Charlotte, North Carolina area.  Plaintiff states that she was told by Defendant to follow Defendant's known procedures to apply for a Buyer position.  Plaintiff claims that two less qualified non-Hispanic employees were promoted to the position of Buyer in June 2009 without following Defendant's procedures.  Over the course of her employment, Plaintiff alleges that she became aware that less qualified males and non-Hispanics were being promoted over females and Hispanics.

On September 17, 2009, Plaintiff filed a charge with the Equal Employment Opportunity Commission (hereinafter EEOC) alleging that she was discharged based on her national origin and sex and that the Defendant discriminated against Hispanics as a class by "denying them permanent positions" in violation of Title VII of the Civil Rights Act of 1964.  On October 21, 2009, the EEOC issued a right to sue notice to Plaintiff.  Plaintiff timely filed her complaint against Defendant on January 19, 2010, in the Superior Court of Mecklenburg County, and Defendant removed the case to this Court.  Plaintiff alleges in her complaint that Defendant "discriminated and retaliated against Plaintiff on the basis on her national origin, race, gender and because of her opposition to discriminatory employment practices through disparate treatment, failure to promote, and

2

unbalanced disciplinary actions and refusal to address the discrimination. . . all in violation of Title VII." Plaintiff also alleges that Defendant negligently supervised an employee and that Defendant wrongly terminated Plaintiff in violation of North Carolina public policy. In response to Defendant's Motion to Dismiss, Plaintiff, who is represented by counsel, voluntarily withdrew her claims of retaliation and negligent supervision.[1] See Doc. No. 7. Accordingly, the Court does not address the claims of retaliation and negligent supervision below.

## II. DISCUSSION

**A. Defendant's 12(b)(1) motion**

A plaintiff has the burden for proving that subject jurisdiction exists. Evans v. B.F. Perkins Co., 166 F.3d 642, 647 (4th Cir. 1999). "The district court should grant the Rule 12(b)(1) motion to dismiss 'only if the material jurisdictional facts are not in dispute and the moving party is entitled to prevail as a matter of law.'" Id. (quoting Richmond, Fredericksburg & Potomac R. Co. v. United States, 945 F.2d 765, 768 (4th Cir. 1991)).

For this Court to have subject matter jurisdiction over Title VII claims, a plaintiff must first exhaust all administrative remedies, including filing a charge of discrimination with the EEOC. Jones v. Calvert Group, Ltd., 551 F.3d 297, 300 (4th Cir. 2009). "The scope of the plaintiff's right to file a federal lawsuit is determined by the charge's contents." Id. "Only those discrimination claims stated in the initial charge, those reasonably related to the original complaint, and those developed by reasonable investigation of the original complaint may be maintained in a subsequent

---

[1] Plaintiff specifically indicated that she withdraws her Title VII claim of retaliation and her state law claim of negligent supervision. She further stated that she maintains her Title VII failure to promote claim and her state law claim of wrongful termination; however, it is unclear whether Plaintiff also voluntarily dismissed her claim of unbalanced disparate discipline, as alleged in her complaint. Given the early stage of this litigation, the Court believes it prudent to treat the claim as not dismissed unless the Plaintiff advises otherwise, particularly when Plaintiff appears to brief this issue.

Title VII lawsuit." Id. (citing Evans v. Techs. Applications & Serv. Co., 80 F.3d 954, 963 (4th Cir. 1996)). However, since lawyers do not usually complete the administrative charge, courts should construe the charges liberally. Chacko v. Patuxent Inst., 429 F.3d 505, 509 (4th Cir. 2005).

Defendant argues that Plaintiff's Title VII claims of failure to promote based on race/national origin and sex should be dismissed because the claims are not reasonably related to Plaintiff's EEOC charge. In response, Plaintiff argues that her failure to promote claim is reasonably related to her EEOC charge because Plaintiff stated that she believes "that the company discriminates against Hispanics as a class by denying them permanent positions." (Doc. No. 3-1 Ex. A) Plaintiff also argues that the EEOC intake questionnaire she completed and intake notes that were taken by an EEOC employee during an interview with Plaintiff should be considered as part of her charge.

Given the fact that courts should construe charges liberally, this Court believes that Plaintiff's failure to promote claim based on national origin is reasonably related to Plaintiff's EEOC charge in light of Plaintiff's statement that she "believes that the company discriminates against Hispanics as a class by denying them permanent positions." Therefore, this Court has jurisdiction over Plaintiff's failure to promote claim based on national origin, and Defendant's Motion to Dismiss this claim for lack of subject matter jurisdiction is denied.

The Court now turns to Plaintiff's failure to promote claim based on race. Plaintiff failed to check the box specifically alleging "race" on her EEOC charge. However, a plaintiff's failure to check all the correct boxes on an EEOC charge does not, by itself, mean that a plaintiff has not exhausted his or her administrative remedies. See Priden v. Dep't of Pub. Works, 2009 WL 4726619, at *3 (D. Md. Dec. 1, 2009). Plaintiff was very specific in her EEOC charge that she was discharged because she is Hispanic. It seems Plaintiff may be unsure whether to classify Hispanic

4

as national origin or race. See Bautista v. Clemson Univ., 2007 WL 2910159, at *3 (D.S.C. Oct. 2, 2007). Because Plaintiff specifically alleged being Hispanic as a basis for discrimination in her EEOC charge, the Court believes it would be inappropriate to dismiss Plaintiff's claim for failure to promote based on race at this early state of the litigation. Therefore, Defendant's Motion to Dismiss this claim for lack of subject matter jurisdiction is denied.

With regard to Plaintiff's failure to promote claim based on sex, the Court also finds that it would be inappropriate to dismiss this claim at this stage. Plaintiff specifically alleges sex as a basis for discrimination in her EEOC charge and the failure to promote claim based on sex is reasonably related to the contents and actions described in the charge of discrimination. See Calvert Group, Ltd., 551 F.3d at 300; Chacko, 429 F.3d at 508-09. Accordingly, Defendant's Motion to Dismiss this claim for lack of subject matter jurisdiction is denied.

**B. Defendant's 12(b)(6) motion**

In regard to a 12(b)(6) motion, a court should not grant the motion to dismiss if the complaint contains "enough facts to state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, --- U.S. ----, 129 S. Ct. 1937, 1949 (2009). When deciding a 12(b)(6) motion, the court must assume that the factual allegations in the complaint are true and must construe them in the light most favorable to the plaintiff.[2] Republican Party of North Carolina v. Martin, 980 F.2d 943, 952 (4th Cir. 1992). "A motion to dismiss under Rule 12(b)(6)

---

[2]Iqbal subsequently recognized that "although for the purposes of a motion to dismiss [the Court] must take all of the factual allegations as true, [the Court is] not bound to accept as true a legal conclusion couched as a factual allegation." Iqbal, 129 S. Ct. at 1949-50.

5

tests the sufficiency of a complaint; importantly, it does not resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses." Id.

### 1. *Failure to Promote Claims*

Defendant argues that Plaintiff's claims of failure to promote based on race/national origin and sex should be dismissed because Plaintiff has not pleaded enough facts in her complaint to make the claims plausible on their face.

Here, absent direct evidence of discrimination, Plaintiff's failure to promote claims are subject to the McDonnell Douglas three-step burden shifting framework. See McDonnell Douglas Corp. v. Green, 411 U.S. 792, 802-03 (1973). Typically, to establish a *prima facie* claim of failure to promote, Plaintiff must establish that: (1) she is a member of a protected class; (2) she applied for the position in question; (3) she was qualified for the position; and (4) she was rejected under circumstances giving rise to an inference of unlawful discrimination. Techs. Applications & Serv. Co., 80 F.3d at 959-60 (citations omitted). However, "failure to apply for a job does not preclude recovery if a claimant can demonstrate that [s]he would have applied but for accurate knowledge of an employer's discrimination and that [s]he would have been discriminatorily rejected had [s]he actually applied." Pinchback v. Armistead Homes Corp., 907 F.2d 1447, 1451 (4th Cir. 1990).

Here, Plaintiff is both Hispanic and female and, therefore, is a member of a protected class. Plaintiff's complaint states that the Plaintiff expressed interest in applying for a promotion to Buyer and was told by her supervisors to follow Defendant's known procedures to apply for a Buyer position, and that non-Hispanic employees were promoted to Buyer without having to go through Defendant's procedures. Plaintiff also alleges that she received merit based pay increases, performed her job satisfactorily, and that Plaintiff believed she had earned, through performance,

6

a promotion to Buyer in the Charlotte, North Carolina area. Furthermore, Plaintiff has pleaded that non-Hispanics obtained the promotion to Buyer; that one of Plaintiff's supervisors would mimic a Spanish accent when she walked pass Plaintiff; and that when Plaintiff requested a new telephone queue be created to handle Spanish-speaking callers, another of Plaintiff's supervisors, stated: "This is America. And in America, you need to speak English."

Likewise, in regards to Plaintiff's sex based failure to promote claim, Plaintiff alleges less qualified males were being promoted to Lead Customer Accounts Representative positions, female candidates were being overlooked for promotions to Lead Customer Accounts Representative positions. One of Defendant's employees had on multiple occasions told Plaintiff that he wanted "to have her interview more males for open positions because he desired more males" and that the group "needed more testosterone." Assuming, as the Court must, that these factual allegations are true, Plaintiff has stated a plausible claim for failure to promote based on race, national origin, and sex discrimination, and therefore, the Court denies Defendant's Motion to Dismiss pursuant to 12(b)(6).

*2. Discrimination in the Enforcement of Disciplinary Measures*

Defendant further argues that Plaintiff's claims of race/national origin and sex discrimination in the enforcement of disciplinary actions must be dismissed because Plaintiff has not alleged enough facts to make the claims plausible on their face.

For Plaintiff to demonstrate a *prima facie* case of discrimination in the enforcement of employee disciplinary measures under Title VII, she must show that: "(1) that [s]he is a member of the class protected by Title VII; (2) that the prohibited conduct in which [s]he engaged was comparable in seriousness to misconduct of employees outside the protected class; and (3) that the

disciplinary measures enforced against [her] were more severe than those enforced against those other employees." Cook v. CSX Trans. Co., 988 F.2d 507, 511 (4th Cir. 1993) (citations omitted).

As previously discussed, Plaintiff alleges she is a member of a protected class. Plaintiff further alleges that employees outside of the protected class were documenting customer accounts with a "promise-to-pay" when no such promises had been made, but Defendant took no remedial action to discipline those individuals. Rather, Plaintiff states that she was verbally counseled for engaging in this practice. Later, Plaintiff and two other female employees, one African-American and another Haitian/Africian-American/Hispanic/Caucasian, were ultimately terminated for engaging in this practice. Based on these allegations, the Court finds Plaintiff has stated a plausible claim for discrimination based on national origin, race, and sex in the enforcement of employee disciplinary measures.

*3. Wrongful Discharge under North Carolina law*

Defendant similarly argues that Plaintiff's claims of wrongful discharge based on race/national origin and sex in violation of the public policy under N.C. Gen. Stat. § 143-422.2, the North Carolina Equal Employment Protection Act, should also be dismissed because Plaintiff has not alleged enough facts to make the claims plausible on their face.

"[A]n employee must identify a North Carolina public policy and plead that she was discharged for an unlawful reason or purpose that violates the public policy." Bratcher v. Pharm. Prod. Dev. Inc., 545 F. Supp. 533, 544 n. 8 (E.D.N.C. 2009) (citing Jackson v. Blue Dolphin Commc'ns, 226 F. Supp. 2d 785, 792 (W.D.N.C. 2002); see also Amos v. Oakdale Knitting Co., 331 N.C. 348, 353 (1992). North Carolina has adopted the evidentiary standards used for evaluating Title VII claims when considering a claim of wrongful discharge in violation of § 143-422.2. North

Carolina Dep't of Correction v. Gibson, 301 S.E.2d 78, 82- 86 (N.C.1983). Thus, for a *prima facie* case for wrongful discharge based on unlawful discrimination under § 143-422.2, Plaintiff must show that: 1) she is a member of a protected class; 2) she was qualified for her job and her performance was satisfactory; 3) she was terminated; 4) other employees who are not members of the protected class were retained under similar circumstances. See Hughes v. Bedsole, 48 F.3d 1376 (4th Cir. 1995) (citations omitted).

The Court has previously discussed that Plaintiff has sufficiently alleged facts supporting very similar elements *supra*. Therefore, Defendant's Motion to Dismiss for failure to state a claim is denied as to Plaintiff's claims of wrongful discharge under § 143-422.2.

## IV. CONCLUSION

Accordingly, for the reasons stated, Defendant's Motion to Dismiss pursuant to Rule 12(b)(1) and Rule 12(b)(6) is DENIED (Doc. No. 3).

Signed: June 24, 2010

Frank D. Whitney
United States District Judge